HOLT, Appellant, vs. DAMMANN, Secretary of State, and others, Respondents.

*March 5—April 3, 1928.*

*States: Unlawful payment of salaries: Taxpayer's action: Injunction pendente lite.*

Plaintiff claimed the appointment of certain stenographers in the state Senate was unlawful and brought an action under sub. (3), sec. 16.28, Stats., to test the validity of such appointments. An application for an injunction *pendente lite* was denied by the trial court. *Held,* that if plaintiff is successful she will recover from the disbursing officers, for the use of the state, the money unlawfully paid, while if she is defeated it will be because her action is without merit; in either case neither the plaintiff nor the taxpayers suffer any loss, and the denial of the provisional injunction was proper.

APPEAL from an order of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

Action brought under sub. (3), sec. 16.28, Stats., to test the validity of the appointment of M. B. Allison, L. W. Gehrke, and Henry C. Beck as stenographers in the Senate and to restrain the payment of their salaries as such. The trial court denied the application for an injunction *pendente lite,* and from an order entered accordingly the plaintiff appealed.

*Belle Bortin Ruppa* of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Arnold.*

VINJE, C. J. The plaintiff alleges that she is a citizen, resident, and taxpayer of the state of Wisconsin, and she brings this action as such taxpayer. She further alleges that within one year immediately preceding the commencement of this action she has paid taxes within the state. These allegations show that the action is brought under sub. (3) of sec. 16.28 of the Statutes and that she expects to take ad-

vantage of these provisions in case she is not defeated in her action.   Said sub. (3) of sec. 16.28 reads as follows:

"Any sums paid contrary to the provisions of this section may be recovered from any officer or officers making such appointments in contravention of the provisions of law or of the rules made in pursuance of law, or from any officer signing or countersigning or authorizing the signing or countersigning of any warrant for the payment of the same, or from the sureties on the official bond of any of said officers, in an action in the circuit court of any county within the state, maintained by the civil service commission or by any member thereof, or by a citizen resident therein, who is assessed for, and liable to pay, or within one year before the commencement of the action has paid, a state, city or county tax within this state.   All moneys recovered in any action brought under this section when collected, shall be paid into the state treasury except that if a citizen taxpayer is plaintiff in any such action he shall be entitled to receive for his own use the taxable costs of such action, and five per cent. of the amount recovered as attorney's fees."

It is quite apparent from this section that if plaintiff is successful in her action she can recover from the officers named therein the amount for the use of the state and she can retain for her own benefit five per cent. thereof in payment of attorney's fees.   So that if she is eventually successful, she as well as the taxpayers will be fully reimbursed for all expenses incurred in the prosecution of the suit.   If she is not successful it will be because her action has no merit and she is not entitled to any reimbursement.   In a situation such as this it could not be claimed that the denial of an injunction *pendente lite* could work irreparable damage to plaintiff or to any taxpayer.   She is amply protected by the provisions of the statute, and that, no doubt, because it is absolutely essential that the state should at all times function properly, and that the withholding of salaries of employees should not take place or be delayed until the suit has terminated.   The state's work must be performed, and if unlawfully performed its officers are held liable as well as their bondsmen

for any failure to comply with the law.   If the appointment was unlawful the state gets its work, less five per cent., done for nothing; for the state officers who secure the unlawful employment and payment have to reimburse the state ninety-five per cent. and the plaintiff five per cent.   If the appointment was not unlawful, it is entirely proper that the state should pay for the services.   Neither the plaintiff nor the taxpayer can suffer any damage or loss, much less irreparable damage or loss, from a denial of an injunction *pendente lite* in such an action.

*By the Court.*—Order affirmed.